**Joyce PARKS, Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 06–3710–cv.

United States Court of Appeals, Second Circuit.

Nov. 7, 2007.

Joyce Parks, pro se, New York, NY, for Appellant.

Michael Keith Blauschild, Corporation Counsel, New York, NY, for Appellees.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Joyce Parks, *pro se*, appeals from the June 29, 2006 judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) granting defendant-appellee's motion to dismiss Parks's complaint as time-barred. We presume the parties' familiarity with the facts and the issues on appeal.

We review an order granting a motion to dismiss pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). In our review, we consider only those facts alleged in the complaint or in documents attached to the complaint as

exhibits or incorporated in the complaint by reference. *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir.1998), *cert. denied,* 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999).

A plaintiff must satisfy two conditions before bringing a private lawsuit under Title VII in federal court: (1) timely filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and (2) timely filing of a federal court suit. *See* 42 U.S.C. § 2000e–5(e)(1). In New York, a Title VII "complainant has 300 days from the date of the alleged unlawful employment practice to institute proceedings" with the relevant state or local agency—in this case, the New York City Commission on Human Rights ("NYCCHR"). *Forsyth v. Fed'n Employment & Guidance Serv.,* 409 F.3d 565, 572 (2d Cir.2005), *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.,* —— U.S. ——, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007); *see also Harris v. City of New York,* 186 F.3d 243, 247 n. 2 (2d Cir.1999) (characterizing New York as a so-called "deferral state" for purposes of Title VII). "Otherwise, the complainant has only 180 days from the date of the alleged unlawful employment practice to file a complaint with the EEOC." *Forsyth,* 409 F.3d at 572. Where a plaintiff fails to file a timely charge with the EEOC, either directly or through an authorized state or local agency, the federal complaint is time-barred. *See Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 307 (2d Cir.1996).

 Here, the District Court correctly concluded that Title VII does not cover alleged discrimination on the basis of an employee's arrest record and that Parks's original NYCCHR complaint discusses only this kind of discrimination. More-over, the District Court also correctly concluded that the allegations of race discrimination contained in Parks's federal complaint do not relate back to the NYCCHR complaint. Parks raised her race discrimination claims for the first time on her direct appeal from the initial NYCCHR determination, and she has identified no authority in support of the proposition that such an action amounts to an amendment of her original complaint, or is the equivalent of filing of an entirely new complaint before the NYCCHR. Our review of the case law has revealed none. Parks's racial discrimination claims therefore cannot be deemed to have been dually-filed with the EEOC on the date that she first raised them before the NYCCHR. Moreover, to the extent that Parks argues that her EEOC charge should form the basis of her satisfying § 2000e–5(e)(1), the District Court correctly found that the date of her filing that charge—March 8, 2005—lay beyond the 300–day statutory limitations period. As there was no indication that Parks filed a charge alleging discrimination prohibited by Title VII within the applicable time limits of the alleged adverse employment action, her federal complaint is time-barred.

For the foregoing reasons, we AFFIRM the judgment of the District Court.